Opinion issued January 23, 2003




















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00355-CV
____________
 
 
IN RE GEORGE R. NEELY AND WAVERLY R. NOLLEY, Relators
 
 

 
 
Original Proceeding on Petition for Writ of Mandamus



 

 
 
MEMORANDUM OPINION
          Relators, attorneys George R. Neely and Waverly R. Nolley, challenge several
of the trial court’s rulings in the underlying probate and wrongful death lawsuit
brought on behalf of the estate of the decedent, Frederick Frank Hubbard.


 In their
petition for writ of mandamus, relators argue that the trial court erred in (1) refusing
to conduct an apportionment hearing regarding their former client’s individual claims
and claims as the putative spouse of the deceased, (2) entering judgment against them
on their claims as intervenors and third-party plaintiffs in the lawsuit below, and (3)
permitting the disbursement of settlement proceeds from the registry of the trial court.
          We deny the petition for writ of mandamus.
Facts and Procedural Background
          On February 20, 1999, Frederick Frank Hubbard was fatally shot at the
Wilcrest Park Townhomes (Wilcrest), where he resided, by a security guard employed
by Federation Security Agency, Inc. (Federation). At the time of the shooting, the
decedent was married to Valencia Latrease Hubbard (Valencia). Valencia,
represented by relators herein, filed a wrongful death and bystander lawsuit against
Wilcrest and Federation in her individual capacity and as representative of the
decedent’s estate. Additional heirs of the decedent, represented by separate counsel,
intervened or filed petitions joining in the lawsuit.
          During discovery, the parties determined that, at the time of the shooting,
Valencia was merely a putative spouse of the decedent because he had not divorced
his previous wife, Mattie York, before “marrying” Valencia. Valencia subsequently
amended her pleadings to reflect her status as a putative spouse, and the
representation of the decedent’s estate was transferred to another party.
          Prior to trial, the decedent’s heirs settled their claims against Wilcrest for
$150,000 and agreed to deposit the funds into the registry of the trial court, pending
an allocation of the funds among the parties “as agreed by the [parties] or as ordered
by the court.” During trial, the claims against Federation were settled for $450,000,
and those funds were also deposited into the court’s registry.
          In November 2001, all of the heirs except Valencia reached an agreement
concerning an apportionment of the settlement proceeds among themselves, in
various percentages, to be applied following the trial court’s award of damages, if
any, to Valencia. On December 13, 2001, the trial court conducted a hearing
concerning the apportionment of settlement funds to Valencia and ruled that, as a
putative spouse, she was not entitled to any damages for her wrongful death claims.


 
The trial court also awarded relators fees and expenses, totaling $15,000 and
$7,550.37 respectively, incurred during their temporary representation of the
decedent’s estate. Relators subsequently filed a motion requesting the trial court to
reconsider its apportionment ruling concerning Valencia, and, after a second hearing
on apportionment in January 2002, the trial court denied the motion.
          On February 1, 2002, the trial court signed a judgment reflecting the parties’
settlement and apportionment agreements, the trial court’s decision to award Valencia
nothing on her wrongful death claims, and the award of fees and costs to relators. 
Valencia then discharged relators as her attorneys and dismissed her claim for any of
the settlement funds. On March 1, 2002, relators filed a petition in intervention and
third-party petition asserting a claim for breach of contract against Valencia and
claims for, among other things, fraud, conspiracy to defraud, and tortious interference
against all other parties and their counsel. In their petition in intervention and third-party petition, relators alleged that counsel for the decedent’s heirs paid or promised
to pay Valencia an unspecified sum of money to resolve her claims against the
decedent’s heirs over the settlement proceeds and that Valencia was “an active
participant . . . in attempting to destroy [relators’] claims for attorney’s fees . . . .”
          On March 8, 2002, the trial court signed a second final judgment incorporating
its earlier decisions concerning the parties’ settlement and apportionment agreements,
as well as the trial court’s findings concerning the heirship of the various parties. The
trial court’s March 8, 2002 final judgment also specifies that “ALL RELIEF NOT
GRANTED IS DENIED.” That same day, and after the final judgment was signed,
relators filed a motion to sever their intervention and third-party claims, but the trial
court did not rule on the motion. Relators then filed their petition for writ of
mandamus.



Standard of Review
          Mandamus will issue only to correct a clear abuse of discretion or violation of
a duty imposed by law when that abuse cannot be remedied by appeal. Jack B. Anglin
Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). A trial court abuses its
discretion when it fails to analyze or apply the law correctly. Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992).
Apportionment Hearing
          In their first issue, relators argue that the trial court erred in refusing to conduct
an apportionment hearing concerning Valencia’s share of the settlement proceeds, in
violation of the parties’ settlement agreements. Relators argue that, because the
parties agreed to submit their dispute concerning the apportionment to the trial court,
the trial court was required to award Valencia some part of the settlement proceeds.
          The parties’ settlement agreement with Wilcrest provides as follows: “The
payment allocation shall be as agreed by the Plaintiffs and Intervenors or as ordered
by the Court.” The record does not contain any agreement among the parties to
apportion any specific amount to Valencia.
          Moreover, at the December 13, 2001 hearing, the trial court ruled, in part, as
follows: 
I am not approving any apportionment of any additional damages to
[Valencia] because I am ruling as a matter of law that as a putative
spouse she is not entitled to either bystander damages or wrongful death
damages, and according to the argument of counsel she has received
whatever community property there was, and so there is no additional
issue on that. . . . She is not entitled to any damages out of the $600,000.

          Contrary to the relators’ assertion, the record indicates that trial court did in
fact conduct an apportionment hearing on December 13, 2001, at which it
apportioned nothing to Valencia, based on her status as the decedent’s putative
spouse. The record also indicates that, at a subsequent hearing, the trial court denied
relators’ motion to reconsider its apportionment. With regard to the amount of the
trial court’s apportionment, any error in the legal basis for its award may be presented
on direct appeal of the trial court’s final judgment and is not properly a subject for
mandamus relief. Anglin, 842 S.W.2d at 272.
          We overrule relators’ first issue.
Disposition of Relators’ Intervention and Third-Party Claims
          In their second and third issues, relators contend that the trial court erred in
disposing of their intervention and third-party claims “on the merits” in the March 8,
2002 final judgment. However, relators have presented no argument in their petition
for writ of mandamus to support these issues, and we find such are, therefore, waived. 
See Tex. R. App. 52.3(h).
          We overrule relators’ second and third issues.
Disbursement of Settlement Funds
          In their fourth and fifth issues, relators seek an injunction and a writ of
prohibition from this Court to prevent the trial court from disbursing the $600,000 in
settlement proceeds from the registry of the trial court, pending the resolution of this
original proceeding and the direct appeal of the trial court’s judgment filed by
relators.
          Relators filed their petition for writ of mandamus with this Court on April 9,
2002, and, on the same day, filed a motion entitled “Petition for Expedited Oral
Hearing.” However, on April 8, 2002, the trial court signed an order disbursing all
of the settlement funds in the registry to the parties in accordance with the terms of
its earlier judgment. Accordingly, we overrule relators’ motion and their fourth and
fifth issues as moot.



Motion for Sanctions
          The real parties in interest have presented a motion for sanctions, alleging that
relators filed a “groundless petition with misleading statement and record” with this
Court. Having considered the record of the proceedings below and the merits of the
motion for sanctions, we deny the motion. See Tex. R. App. 52.11.
Conclusion
          We deny the petition for writ of mandamus and deny all pending motions in
this cause.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.